UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                     :
DANIEL COX and OLGA COX,           :
                  Plaintiffs,   :        15cv9901(DLC)
                                       :
                -v-              :        OPINION & ORDER
                                       :
NATIONSTAR MORTGAGE LLC; DEUTSCHE BANK :
NATIONAL TRUST COMPANY AS TRUSTEE FOR  :
HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE:
LOAN PASS-THROUGH CERTIFICATES SERIES  :
2006-9; and DOES 1 THROUGH 100        :
INCLUSIVE,                             :
                                       :
                        Defendants.   :
                                       X
-------------------------------------
APPEARANCES

For plaintiffs Daniel Cox and Olga Cox:

Subhan Tariq
The Law Offices of Subhan Tariq, Esq., PLLC
216-14 Jamaica Avenue
Queens Village, NY 11428

For defendants Nationstar Mortgage LLC and Deutsche Bank
National Trust Company:

Scott Benjamin Group
Akerman LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103

DENISE COTE, District Judge:

    The plaintiffs' mortgage was included in 2013 in a

securitization that closed in 2006.  Following the

securitization of the mortgage, foreclosure proceedings were

initiated and the property was sold at a public auction in 2015.

The basis of the plaintiffs' claims in this action is that the

assignment of their loan to the trustee of the securitization was untimely and therefore void.  The plaintiffs seek declaratory relief to that effect, and bring as well claims for constructive fraud and slander of title against the assignee-beneficiary and servicer of their mortgage loan.  The defendants have filed a motion to dismiss all claims from the case.  For the reasons stated below, the motion is granted.

**BACKGROUND**

The following facts are taken from the amended complaint (the "Complaint"), its attached exhibits, or documents integral to the Complaint.  On August 18, 2006, the plaintiffs Daniel and Olga Cox closed on a $450,000 mortgage loan from Countrywide Home Loans, Inc. for a property located in Los Angeles, California (the "Loan").  The Loan was secured by a deed of trust on the property (the "Deed of Trust").  The Deed of Trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as its beneficiary and CTC Real Estate Services as its trustee. The Deed of Trust provides that "[t]he Note or a partial interest in the Note (together with [the Deed of Trust]) can be sold one or more times without prior notice to [the plaintiffs]."

Almost six years later, on February 3, 2012, MERS assigned all beneficial interests under the Deed of Trust to Bank of America, N.A. ("BANA").  This assignment was recorded on

February 9, 2012.  BANA assigned the Deed of Trust to defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-9 (the "Trust") on July 16, 2013.  This assignment was recorded on July 19.

The Trust had been created almost seven years earlier on September 1, 2006.  The Trust's Pooling and Service Agreement (the "PSA") lists September 1 as its "cut-off date," when the Trust became "entitled to receive all collections on and proceeds of the mortgage loans" in the Trust.  The PSA lists October 4, 2006 as its "Closing Date."

Following the assignment of the Deed of Trust to Deutsche Bank for the securitization, foreclosure proceedings were begun against the plaintiffs' property.  On August 15, 2013, Deutsche Bank substituted ReconTrust Company, N.A. ("ReconTrust") as trustee and recorded the substitution the next day.[1]  The same day that its substitution was recorded, ReconTrust recorded a notice of default stating that the plaintiffs were $46,753.01 in arrears.  On June 17, 2014, Deutsche Bank substituted Clear Recon Corp. ("Clear Recon") as trustee and recorded the

---

[1] Although largely irrelevant to the issues raised in the Complaint, the plaintiffs claim that the substitution of ReconTrust was done on June 11, 2014 "by and through Nationstar Mortgage LLC, as Attorney in Fact for Trustee."  Public records integral to the Complaint, however, show that this substitution was recorded on August 16, 2013.

substitution on July 11, 2014.  That same day, Clear Recon recorded a second notice of default on the Loan, which described the amount in arrears as $78,199.83.  The plaintiffs allege that another notice of default was filed on October 20.

After several months, Clear Recon recorded a notice of trustee's sale on October 28, 2014, noting an unpaid balance of $530,241.31.  The property was sold at public auction on June 4, 2015.  The deed upon sale was recorded on June 11, 2015.

On or about June 11, 2015, the plaintiffs retained Certified Forensic Loan Auditors ("CFLA") to conduct an audit of their Loan.  Based on this audit, the plaintiffs allege that they "discovered numerous improprieties and illegal transactions relating to their loan, including the purported assignments" described above.  The Complaint and the CFLA audit report primarily describe the terms of the Trust's PSA and how the assignment purportedly violated the terms of the PSA. Specifically, the plaintiffs assert that, since the cut-off time for Deutsche Bank to accept the Deed of Trust into the Trust was September 1, 2006, the assignment from BANA to Deutsche Bank on July 16, 2013 was void.  The plaintiffs also assert that the foreclosure proceedings were wrongful as they were brought by a party that had no standing to foreclose.

The plaintiffs filed their first complaint on December 18, 2015 against Nationstar, Deutsche Bank, and unnamed individuals

4

that "aided and abetted in the civil conspiracy."  Nationstar and Deutsche Bank filed a motion to dismiss on February 4, 2016. The plaintiffs were given an opportunity to amend, which they did by filing the Complaint on February 26.  The Complaint alleges three causes of action: (1) a general claim for declaratory relief asking the Court to declare that the assignment to Deutsche Bank was void and that the defendants failed to comply with the PSA; (2) a claim for constructive fraud; and (3) a slander of title claim.[2]  The plaintiffs do not challenge the securitization of the Loan, but rather claim that the assignment of the Deed of Trust from BOA to Deutsche Bank was void pursuant to the terms of the Note, Deed of Trust, and California law.

The defendants filed a renewed motion to dismiss the Complaint on March 17, 2016.  The motion became fully submitted on April 29.

## DISCUSSION

When deciding a motion to dismiss under Rule 12(b), Fed. R. Civ. P., a court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.

---

[2] Subject matter jurisdiction over this action was premised on the pleading of violations of the Truth in Lending Act, 15 U.S.C. §§ 1640 and 1641(g), which are time-barred and which the plaintiffs, in their opposition to this motion, have agreed to dismiss.  The Court chooses to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367.

<u>Loginovskaya v. Batratchenko</u>, 764 F.3d 266, 269-70 (2d Cir. 2014).  "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief."  <u>Keiler v. Harlequin Enters. Ltd.</u>, 751 F.3d 64, 68 (2d Cir. 2014); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)).  A claim has facial plausibility when "the factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Tongue v. Sanofi</u>, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).

Nationstar and Deutsche Bank argue that the plaintiffs cannot assert claims based on a challenge to the assignment of the Deed of Trust from BANA to Deutsche Bank.[3]  Since the motion to dismiss is granted on this ground, it is unnecessary to reach the defendants' arguments that the plaintiffs' individual causes

---

[3] The parties refer to this line of argument as a question of standing.  The Supreme Court has clarified, however, that this "statutory standing" terminology is "misleading and a misnomer," and is properly "a question of whether the particular plaintiff has a cause of action under the statute."  <u>Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.</u>, 821 F.3d 352, 359 (2d Cir. 2016) (quoting <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 134 S. Ct. 1377, 1387 (2014)).

of action present no claims for which relief can be granted, and that venue be transferred if the case is not dismissed.

Under California law,[4] a borrower "can generally raise no objection to assignment of the note and deed of trust." Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919, 927 (Cal. 2016). A promissory note is a "negotiable instrument the lender may sell without notice to the borrower" and a deed of trust "is inseparable from the note it secures, and follows it even without a separate assignment." Id. A deed of trust "may thus be assigned one or multiple times over the life of the loan it secures." Id.

Nonetheless, "only the 'true owner' or 'beneficial holder' of a Deed of Trust can bring to completion a nonjudicial foreclosure under California law." Id. at 928 (citation omitted). In Yvanova, the California Supreme Court recently held that a borrower "has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." Id. at 942-43 (emphasis added). A void

---

[4] The parties agree that the underlying Loan transactions and foreclosure are governed by California law, but that the PSA is governed by New York law. Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) (implied consent sufficient to establish choice of law).

assignment "cannot be ratified or validated by the parties to it even if they so desire." Id. at 936.  In contrast, when an assignment is merely voidable, "the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so." Id.  When a defect with an assignment renders the assignment voidable, a borrower may not challenge the assignment since the borrower would be "assert[ing] an interest belonging solely to the parties to the assignment rather than to herself." Id.

Under New York law, which governs the PSA, assignments in violation of the PSA are "merely voidable." Saterbak v. JPMorgan Chase Bank, N.A., 199 Cal. Rptr. 3d 790, 796 (Cal. Ct. App. 2016); see also Pike v. Deutsche Bank Nat'l Trust Co., 121 A.3d 279, 283 (N.H. 2015) (applying New York law); Dernier v. Mortgage Network, Inc., 87 A.3d 465, 474 (Vt. 2013) (same). "Under New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries." Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 88 (2d Cir. 2014).

The plaintiffs cannot pursue their claims.  The plaintiffs do not deny that each of their claims is premised on the theory that the assignment of the Deed of Trust from BANA to Deutsche Bank was void because it occurred after the Trust's closing date.  This closing date is a term of the PSA, which is governed

8

by New York law.  The assignment of the Deed of Trust to
Deutsche Bank after the closing date is at most a failure to
comply with the terms of the PSA.  As such, the facts alleged by
the plaintiffs do not establish that the assignment was void.
Accordingly, the plaintiffs, who are neither parties to nor
third-party beneficiaries of the PSA, cannot challenge BANA's
assignment of the Deed of Trust to Deutsche Bank.  Nor can their
claims of constructive fraud and slander of title, both of which
are premised on the BANA assignment being void, be sustained.

The plaintiffs rely on Glaski v. Bank of America, 160 Cal.
Rptr. 3d 449 (Cal. Ct. App. 2013), for the proposition that "a
borrower may challenge [a] securitized trust's chain of
ownership by alleging the attempts to transfer the deed of trust
to the securitized trust (which was formed under N.Y. law)
occurred after the trust's closing date." Id. at 452.  This
holding is contradicted by more recent authority.  See Saterbak,
199 Cal. Rptr. 3d at 796.  Moreover, the New York bankruptcy
court case upon which Glaski relied has been overturned.  See
Saterbak, 199 Cal. Rptr. 3d at 796 n.5 (citing Wells Fargo Bank,
N.A. v. Erobobo, 9 N.Y.S.3d 312 (2d Dep't 2015)).

In their opposition brief, the plaintiffs request another
opportunity to amend their Complaint.  This request is a general
one, asking only for leave to amend should the Court order any
causes of action dismissed.

"When a party requests leave to amend its complaint, permission generally should be freely granted." Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (citation omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "Leave to amend may properly be denied if the amendment would be futile," however. Krys v. Pigott, 749 F.3d 117, 134 (2d Cir. 2014). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015) (citation omitted).

There is nothing to suggest that, if given a second opportunity to amend their Complaint, the plaintiffs would be able to make out a claim that would survive a motion to dismiss. The plaintiffs have not presented a proposed amended pleading or identified facts that they wish to add. They have already had one opportunity to amend their complaint in response to an earlier motion to dismiss that largely made the same arguments and the allegation that the assignment was void remains conclusory. Absent an explanation as to why the BANA assignment was void, an amended complaint will not survive a motion to dismiss.

## CONCLUSION

Nationstar and Deutsche Bank's March 17, 2016 motion to dismiss is granted.  The claims against the unnamed defendants are dismissed.  The Clerk of Court shall enter judgment for Nationstar and Deutsche Bank and close the case.

SO ORDERED:

Dated:    New York, New York
          July 18, 2016

                        _____
                              DENISE COTE
                        United States District Judge

11